UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGET AKINTAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| UNITED AIRLINES, INC. | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRIDGET AKINTAYO, by and through her attorneys, NOLAN LAW GROUP, and for her complaint against Defendant, UNITED AIRLINES, INC. states as follows:

## JURISDICTION AND VENUE

1. This action seeks recovery of compensatory damages arising from bodily injuries sustained by Plaintiff, BRIDGET AKINTAYO, due to an accident that occurred on January 24, 2025, while she was a passenger on board an aircraft operated as United Airlines Flight 613, with scheduled service from Murtala Muhammad International Airport in Lagos, Nigeria to Dulles International Airport in Washington, DC.

2. Subject matter jurisdiction over this action is vested in the federal courts of the United States of America under 28 U.S.C. §1350, in that this action arises from a treaty agreement, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded in Montreal, Canada on

May 28, 1999, hereinafter referred to as the "Montreal Convention."

3.     Personal jurisdiction over the Defendant, UNITED AIRLINES, INC., is properly exercised by the United States District Court for the Northern District of Illinois because it is a resident of the State of Illinois and conducts continuous, substantial, and systematic business within this District.

## INTRADISTRICT ASSIGNMENT – VENUE

4.     The United States District Court for the Northern District of Illinois, Eastern Division is a proper venue for this action under 28 U.S.C. §1391(b), in that Defendant, UNITED AIRLINES, INC., is a resident of the State of Illinois and a substantial part of the events or omissions giving rise to this claim occurred in this District and Division.

## STATEMENT OF THE CLAIM
### Montreal Convention – Bodily Injury

5.     On January 24, 2025, Plaintiff, BRIDGET AKINTAYO, was and continues to be a citizen of the United States of America and is a citizen and resident of the State of Maryland.

6.     On January 24, 2025, and all time relevant, the Defendant, UNITED AIRLINES, INC. maintained and continues to maintain its principal place of business and a registered agent in the State of Illinois, County of Cook, City of Chicago.

7.     On January 24, 2025, the Defendant, UNITED AIRLINES, INC. was a commercial air carrier certified by the United States Federal Aviation Administration

in accordance with 14 CFR Part 121 and was engaged in business that included the transportation of passengers by air for profit.

8.    On January 24, 2025, the Defendant, UNITED AIRLINES, INC. individually and/or by and through its duly authorized agents or employees, operated, maintained and controlled a certain aircraft which was then and there being operated as United Airlines Flight 613 from Murtala Muhammad International Airport in Lagos, Nigeria to Dulles International Airport in Washington, DC.

9.    On January 24, 2025, the aircraft used to operate United Airlines Flight 613 was a Boeing Model 787-8 airplane, manufacturer serial number 34824, with FAA registration N27903, owned by Defendant, UNITED AIRLINES, INC.

10.    On January 24, 2025, Plaintiff, BRIDGET AKINTAYO, was a ticketed fare-paying passenger of the Defendant, UNITED AIRLINES, INC. on board the aircraft being operated as United Airlines Flight 613.

11.    On January 24, 2025, the aircraft operated as United Airlines Flight 613 began experiencing altitude excursions during cruise flight at an altitude of 36,000 feet while over the airspace of Cote d'Ivoire. The altitude excursions lasted approximately 12 minutes, reaching a maximum altitude of 36,203 and a minimum altitude of 35,577 feet msl. At the time of these altitude excursions, meal service was being conducted in the cabin.

12.    On January 24, 2025, and as a direct and proximate result of the aforementioned altitude excursions, Plaintiff, BRIDGET AKINTAYO, was caused to

3

suffer bodily injuries.

13.  That as a result of the aforesaid injuries, the Plaintiff, BRIDGET AKINTAYO, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer emotional distress, has suffered and will in the future suffer disability and disfigurement, has suffered and will in the future suffer a loss of normal life, has been caused to incur and will in the future incur expenses for necessary medical and rehabilitative care, treatment and services, has suffered and will in the future suffer a loss of the value of her time, earnings, profits and salaries, has been and will in the future be damaged in her earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

14.  On January 24, 2025, there was in force and effect in the United States, a certain multilateral treaty relating to the rules governing international carriage by air known as the *Convention for the Unification of Certain Rules Relating to International Transportation by Air*, concluded in Montreal, Canada on May 28, 1999, hereinafter referred to as the "Montreal Convention."

15.  On January 24, 2025, and at the time she sustained bodily injury, Plaintiff, BRIDGET AKINTAYO, was engaged in international carriage as defined in Article 1(2) of the Montreal Convention, and the same is therefore applicable to this action pursuant to Article 1(1) of the said Montreal Convention.

16.  Pursuant to Article 17(1) of the Montreal Convention, the carrier is liable for damage sustained in the event of bodily injury suffered by a passenger, if

4

the accident which caused the damage took place during the embarkation process

17.     By operation of Article 21(1) of the Montreal Convention, Defendant, UNITED AIRLINES, INC., is strictly liable up to the limit of 151,880 in Special Drawing Rights (approximately $210,609 USD) with respect to passenger injury sustained as a result of an accident within the meaning of Article 17(1) of the Montreal Convention.

18.     The damages suffered by Plaintiff, BRIDGET AKINTAYO, exceed 151,880 SDR and were caused by an accident as defined/required by the Montreal Convention that resulted in bodily injury and resulting harm during the course of international transportation aboard the aircraft operated as United Flight 613 on January 24, 2025.

19.     Defendant, UNITED AIRLINES, INC., is therefore strictly liable to Plaintiff, BRIDGET AKINTAYO, to tender an amount of 151,880 SDR and/or whatever the current or correct SDR amount is at the time of trial/tender.

20.     Plaintiff, BRIDGET AKINTAYO, has further sustained damages that exceed the amount of 151,880 Special Drawing Rights.

21.     Article 21(2) of the Montreal Convention further deems Defendant, UNITED AIRLINES, INC., liable for damages in excess of the Special Drawing Rights unless it can prove that the Plaintiff's damages were not due to the negligence or other wrongful conduct, act, or omission of the Defendant or that the Plaintiff's damages were caused solely due to the Plaintiff's negligence.

5

22.     The conduct of Defendant, UNITED AIRLINES, INC., is the exclusive cause of Plaintiff's damages, and it cannot meet its burden under Article 21(2) for the following reasons:

    a. it negligently, carelessly, and/or recklessly operated the accident aircraft in a manner that resulted in the accident and Plaintiff's damages;

    b. it negligently, carelessly, and/or recklessly maintained and/or repaired the accident aircraft including its inertial reference units (IRUs) and its flight control systems in a manner that resulted in the accident and Plaintiff's damages; and/or

    c. it negligently, carelessly, and/or recklessly trained, instructed, and/or controlled its employees or agents, including its mechanics and the flight crew operating the aircraft, giving rise to the accident in a manner that would have otherwise prevented the accident and Plaintiff's harm.

23.     The injuries and damages sustained by Plaintiff, BRIDGET AKINTAYO, as a direct result of the accident are not in any way her fault.

24.     No third party not named as a defendant in this action is responsible for the accident and/or the injuries and resulting harm suffered by Plaintiff, BRIDGET AKINTAYO.

<u>**DEMAND FOR RELIEF**</u>

WHEREFORE the Plaintiff, BRIDGET AKINTAYO, prays that judgment be entered in her favor and against the Defendant, UNITED AIRLINES, INC. for a sum in excess of 151,880 Special Drawing Rights (approximately $210,609 USD) and commensurate with the proof of damages in this case, together with attorney fees, costs, and pre-judgment interest.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: June 19, 2026                    By: /s/ *Thomas J. Ellis*
                                        Thomas P. Routh, Esq.
                                        Thomas J. Ellis, Esq.
                                        Daniel J. Nolan, Esq.
                                        NOLAN LAW GROUP
                                        20 N. Clark Street - 30th Floor
                                        Chicago, IL 60602
                                        Tel: (312) 630-4000
                                        tpr@nolan-law.com
                                        tje@nolan-law.com
                                        dan@nolan-law.com